# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07mj231 |
| vs. | **DETENTION ORDER** |
| BAO QUOC NGUYEN, | |
| Defendant. | |

This matter came on for detention hearing on September 21, 2007. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Bao Quoc Nguyen appeared in person with his attorney, Jim McGough. The Government offered the testimony of DEA Special Agent Mark Minten, and Task Force Officer Elbert Andress.

The court must determine whether any condition or combination of conditions will reasonably assure Nguyen's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846,848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Nguyen as required and the safety of the community if the court finds there is probable cause to believe Nguyen committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence offered at the detention hearing establishes that Nguyen was involved in a conspiracy to manufacture and distribute a large quantity of marijuana. The conspiracy is widespread, involving distribution to several different states. Nguyen was observed unloading a shipment of equipment used in marijuana growing operations at his home in Sioux City, Iowa. He maintained an active marijuana growing operation in his residence. He also was observed on numerous occasions entering or leaving a local landfill where Nguyen and others involved in the conspiracy would dispose of spent plant materials. In addition, Nguyen was observed at the site of another marijuana growing operation in Sioux City, and witnesses have stated Nguyen maintained that grow operation for a period of time. The Government's case against Nguyen appears to be strong, and Nguyen has failed to offer any evidence to rebut the presumption that he is a danger to the community.

Nguyen has had prior contacts with law enforcement, and he is unemployed. Investigation by Pretrial Services indicates Nguyen's minor child has been placed in State custody, and his wife is living with the couple's nineteen-year-old son and his family in South Sioux City, Nebraska. Nguyen appears to have few ties to the local community.

Based on this evidence, the court finds the Government has proved by a preponderance of the evidence that Bao is a flight risk, and by clear and convincing evidence that he is a danger to the community. Accordingly, the court orders as follows:

1. Nguyen is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Nguyen reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Nguyen to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Nguyen must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2007.

*/s/ Paul A. Zoss*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT